## LUSK ET AL., RECEIVERS OF ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, *v.* BOTKIN, SECRETARY OF STATE OF THE STATE OF KANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 451. Submitted January 7, 1916.—Decided February 21, 1916.

The objections to the constitutionality of the provisions of ch. 135, Kansas Laws of 1913, taxing foreign corporations doing business in Kansas for such privilege measured on the proportion of its stock used in that State, resting in this case exclusively on the asserted invalidity under the commerce and due process clauses of similar provisions of the same statute in regard to domestic corporations doing interstate and intrastate business, and those objections having been found untenable (*Kansas City & Fort Scott Ry.* v. *Kansas, ante,* p. 227), the sole basis of attack on such provisions as to foreign corporation fails and they cannot be held unconstitutional in this action. 95 Kansas, 271, affirmed.

THE facts, which involve the constitutionality under the Federal Constitution and the construction and application of the statute of Kansas of 1913 imposing taxes on foreign corporations, are stated in the opinion.

*Mr. R. R. Vermilion* and *Mr. W. F. Evans* for plaintiff in error.

*Mr. S. M. Brewster,* Attorney General of the State of Kansas, *Mr. James P. Coleman, Mr. W. P. Montgomery* and *Mr. J. L. Hunt* for defendants in error.

*Mr. Paul E. Walker* filed a brief on behalf of the Chicago, Rock Island & Pacific Railway, as *amicus curiæ* by leave of the court.

Mr. Justice Hughes delivered the opinion of the court.

The plaintiffs in error, the receivers of a railroad corporation organized under the laws of the State of Missouri, brought this action to recover the sum of $2,500, alleged to have been paid under protest to the Secretary of State of the State of Kansas as a tax upon foreign corporations imposed by Chapter 135 of the Laws of 1913. A general demurrer to the petition was sustained, and, as the plaintiff declined to plead further, judgment was rendered in favor of the defendant. This judgment was affirmed by the Supreme Court of the State. 95 Kansas, 271.

The act above mentioned (§ 2) requires "every foreign corporation, for profit, now or hereafter doing business in this State, and owning or using a part or all of its capital in this State, and subject to compliance with the laws relating to the admission of foreign corporations to do business in Kansas" to make annual report, setting forth certain facts, to the Secretary of State. It is further provided that "upon the filing of such report the secretary of state, from the facts thus reported and any other facts coming to his knowledge bearing upon the question, shall determine the proportion of the issued capital stock of the company represented by its property and business in Kansas, and shall charge and collect from such company, in addition to the initial fees, for the privilege of exercising its franchise in Kansas, an annual fee upon that proportion of such foreign corporation's issued capital stock as is devoted to its Kansas business." The amount of the fee is graduated according to the amount of the issued capital stock "used in Kansas." The minimum annual fee is $10, when the issued capital stock so used does not exceed $10,000; and the maximum annual fee is $2,500, when the issued capital stock so used exceeds $5,000,000.

Construing these provisions of the act, and answering the objection that as to a railroad company, and other foreign corporations, doing both a local and an interstate business, the act was invalid because it undertook to regulate interstate commerce, the Supreme Court of Kansas said in *State* v. *Sessions*, 95 Kansas, 272, 275:

"The requirements of the statute are imposed on such foreign corporations doing business in this State as are 'subject to compliance with the laws relating to the admission of foreign corporations to do business in Kansas.' (§ 2.) Corporations which are engaged solely in interstate commerce are therefore wholly exempt from all its provisions, and those which do both an interstate and an intrastate business are exempt so far as concerns the former. The phrases 'that proportion of such foreign corporation's issued capital stock as is devoted to its Kansas business' (§ 2), and 'the issued capital stock used in Kansas,' refer to the amount of capital invested in doing a purely local business. The total capital of the company is involved only as a basis for arriving at a reasonable estimate of the capital devoted to transportation originating and ending in Kansas."

In the instant case, the objections to the tax upon the foreign corporation rest entirely upon the asserted invalidity of the tax imposed by the same statute upon domestic corporations; it is insisted that the foreign corporation had complied with statutory conditions entitling it to be treated not less favorably, and that, if the tax laid by the statute upon domestic corporations is invalid, the tax laid upon the foreign corporation cannot be sustained. Apparently, no other contention was presented to the Supreme Court of the State (95 Kansas, 271). And, accordingly, in the brief of the plaintiffs in error in this court, the questions involved are stated to be: (a) that the act under which the tax was demanded is unconstitutional because "when applied to railroad

companies organized under the laws of the State of Kansas," owning lines extending into other States, the act places a burden upon interstate commerce and undertakes to tax property outside the State; (b) that the act seeks "to place a tax upon the entire capital stock of domestic corporations owning and operating railroads in Kansas and other States," that it thereby attempts to tax property outside the State in contravention of the Fourteenth Amendment, and that it "is therefore void as to domestic corporations"; and (c) that the compliance by the Missouri corporation (of which the plaintiffs in error are receivers) with the terms of Chapter 186 of the Laws of 1887, of Kansas, "constituted a contract between the railroad company and the State, by which the State bound itself not to subject the railroad company or the plaintiffs in error to any greater liabilities than those imposed upon railroad corporations organized under the laws of Kansas, and conferred upon such foreign corporation complying with said act 'all the rights, privileges and franchises' of Kansas railroad corporations;" and that it follows that, if the tax act is unconstitutional as to domestic corporations, the imposition of the tax in question upon the Missouri corporation "would violate the obligations of the contract" and would deny to it "the equal protection of the laws."

In the case of *Kansas City, Fort Scott & Memphis Ry.* v. *Kansas,* decided this day, *ante,* p. 227, we have considered the arguments against the tax imposed by the statute upon domestic corporations, and we have found the objections to be untenable. Thus, the sole basis for the attack made by the plaintiffs in error upon the statute fails, and the judgment must be affirmed.

*Judgment affirmed.*